Dear Mr. Bradford:
This replies to your opinion request concerning the following questions:
 The question which the Personnel Division and the Personnel Advisory Board wish to have resolved is the identity of the specific agencies of state government in which the Director and the Board have been given additional responsibilities and authority as the result of changes in Chapter 36 RSMo under CCS for HB 673 which became effective September 28, 1979. This question involves three sections of the new "State Personnel Law" as follows:
 a. Apart from merit agencies previously covered by Chapter 36 RSMo, to which state agencies is Section 36.350 of CCS for HB 673 now applicable? Are there any other provisions of law which preclude the application of the regulations of the Personnel Advisory Board under Section 36.350 to certain state agencies?
 b. What procedure is required for "non-merit agencies of the state" to adopt the appeal provisions of the Personnel Advisory Board for dismissals under Section 36.390.7 of CCS for HB 673? Once adopted by formal action of the appointing authority, are these procedures binding on such agency for the future or may this adoption be withdrawn at any time?
 c. Apart from the merit agencies previously covered by Chapter 36, RSMo, in which state agencies does Section 36.510 require the Director to perform the functions outlined therein? Are there other provisions of law which preclude the director from performing one or more of the following functions enumerated in Section 36.510 in any agency of state government?
 (1) Develop, initiate and implement a central training program
 (2) Establish a management trainee program and prescribe rules for a career executive service for the state
 (3) Formulate for approval of the Board regulations for mandatory training
 (4) Institute, coordinate and direct a state-wide program for recruitment of personnel
 (5) Assist all state departments in setting productivity goals and in implementing a standard system of performance appraisals
 (6) Establish and direct a central labor relations function including approval
of any agreements relating to uniform wages, benefits and aspects of employment with fiscal impact
 (7) Formulate rules for approval of the board and establish procedures and standards to secure essential uniformity and comparability among state agencies (Emphasis in original)
The concern of the Director of the Division of Personnel and Chairman of the Personnel Advisory Board is more succinctly stated in the opinion request, paragraph No. 4, concerning the facts giving rise to the question. Those facts are:
 CCS for HB 673 has changed Chapter 36 RSMo from the State Merit System Law to the State Personnel Law. While not placing all agencies under the merit system for personnel selection, etc., the new law does provide for the Director to perform certain personnel functions in "all agencies of state government" and it applies certain regulations of the Personnel Advisory Board to all such agencies, not just to merit system agencies as in the past. Those agencies which are subject to these regulations and in which the director has authority and responsibility for functions enumerated in Section 36.510 must be identified at this time. The Director must under Section 36.510.1(7) initiate a study in the next few months and determine the resources needed for program implementation. The law requires him to submit to the Governor and the General Assembly a description of the proposed scope of programs and a request for funding. The study to determine program scope cannot be made until each specific agency subject to the new provisions is identified. If the authority of the Director and the Board is limited in certain agencies and/or programs because of the legal powers of such agencies, this should be clarified.
The sections concerned in your questions are: § 36.350, portions of § 36.390, and § 36.510, all of which are now found in RSMo Supp. 1979.
Section 36.350, RSMo Supp. 1979, provides:
 The regulations shall provide for the hours of work, holidays, attendance, and leaves of absence in the various classes of positions subject to this law. They shall contain provisions for annual leave, sick leave, and special leaves of absence, with or without pay, or with reduced pay, and may allow special extended leaves for employees disabled through injury or illness arising out of their employment, and the accumulation of annual leave and sick leave. Such regulations shall apply in all state agencies. (Emphasis added)
Subsections 7 and 8 of § 36.390, RSMo Supp. 1979, provide:
 7. The provisions for appeals provided in subsection 5 for dismissals of regular merit employees may be adopted by non-merit agencies of the state for any or all employees of such agencies.
 8. Agencies not adopting the provisions for appeals provided in subsection 5 shall adopt dismissal procedures substantially similar to those provided for merit employees. However, these procedures need not apply to employees in policymaking positions, or to members of military or law enforcement agencies, or to employees of academic institutions.
Section 36.510, RSMo Supp. 1979, provides:
 1. In addition to other duties specified elsewhere in this chapter, it will be the duty of the director to perform the following functions in all agencies of state government:
 (1) Develop, initiate and implement a central training program for personnel in agencies of state government and encourage and assist in the development of such specialized training activities as can best be administered internally by these individual agencies;
 (2) Establish a management trainee program and prescribe rules for the establishment of a career executive service for the state;
 (3) Formulate for approval of the board regulations regarding mandatory training for persons employed in management positions in state agencies;
 (4) Institute, coordinate and direct a statewide program for recruitment of personnel in cooperation with appointing authorities in state agencies;
 (5) Assist all state departments in setting productivity goals and in implementing a standard system of performance appraisals;
 (6) Establish and direct a central labor relations function for the state which shall coordinate labor relations activities in individual state agencies, including participation in negotiations and approval of agreements relating to uniform wages, benefits and those aspects of employment which have fiscal impact on the state; and
 (7) Formulate rules for approval of the board and establish procedures and standards relating to position classification and compensation of employees which are designed to secure essential uniformity and comparability among state agencies. This section shall become effective on July 1, 1980, and the director shall prior to that time initiate the required study and investigate to determine the resources needed for its implementation. The director shall submit a description of the proposed scope of programs to be implemented and a request for necessary funding to the governor and the general assembly.
 2. Any person who is employed in a position subject to merit system regulations and who engaged in a strike or labor stoppage shall be subject to the penalties provided by law.
Not all state agencies are within the state merit system law. Agencies which are not now merit system agencies are the Department of Revenue, Department of Highways and Transportation, Department of Conservation, Department of Elementary and Secondary Education, Department of Higher Education, Department of Agriculture, portions of the Department of Consumer Affairs, Regulation, and Licensing, portions of the Department of Labor and Industrial Relations, and portions of the Department of Public Safety. Some of these latter departments do have divisions which are a part of the merit system. Section 36.030, RSMo Supp. 1979, sets out those agencies which are covered more specifically.
In the 1979 revision of the state merit system law, Chapter 36, it should be first noted that §36.010, RSMo Supp. 1979, provided that Chapter 36 would now be known as the "State Personnel Law." Obviously, the legislature intended to broaden the overall scope of the law to include non-merit agencies in some respects. Your inquiry is related to the non-merit agencies which might be covered by certain recent statutory changes.
Art. IV, § 19, Mo. Constitution (1945), recites:
 The head of each department may select and remove all appointees in the department except as otherwise provided in this constitution, or by law. All employees in the state eleemosynary and penal institutions, and other state employees as provided by law, shall be selected on the basis of merit, ascertained as nearly as practicable by competitive examinations; provided that any honorably discharged member of the armed services of the United States who is a citizen of this state shall have preference in examination and appointment as prescribed by law.
We will not lengthen this opinion with a full discussion of all the statutes enacted prior to the provisions in question because it is our view that the provisions of the state personnel laws, which we have quoted above, will govern over any prior conflicting statutes. The principal question in our view is whether or not these provisions of the state personnel laws conflict with the constitutional authority of any such agencies.
There are some general principles of law which we must address. An act of the Missouri legislature is presumed to be valid and will not be declared unconstitutional unless it is clearly shown that the provisions are unconstitutional. Stateex inf. Danforth ex rel. Farmers' Electric Cooperative, Inc. v.State Environmental Improvement Authority, 518 S.W.2d 68 (Mo. Banc 1975). From this doctrine flows the concept that courts do not favor interpretations declaring statutes unconstitutional if there is any reasonable way in which to construe a statute in order to sustain it.
Art. IV, § 19 indicates that except where a statute so provides, or as provided in the Constitution of this state, the head of the department may select and remove employees in that department. However, employees in state eleemosynary and penal institutions, and other state employees as provided by law, shall be selected on the basis of merit.
Clearly, in amending Chapter 36 in 1979, the Missouri legislature approved changing Chapter 36 from the state merit system law to the state personnel law. In recognizing certain other constitutional provisions, the legislature attempted to fit in uniform application of personnel policies and procedures to all state agencies. This will become more evident as discussed herein.
Dealing specifically with Part a. of your first question relating to § 36.350, we have reviewed the constitutional and statutory provisions relating to all state agencies including the University of Missouri. With the exception of the University of Missouri, we believe that § 36.350 is viable and applicable to all other non-merit state agencies.
We note that Art. IV, §§ 29 through 34, Mo. Constitution (1945), relating to the Department of Highways and Transportation makes no mention of personnel policies, practices, or powers. There is no reason why the Department of Highways and Transportation should not be included under a state personnel plan such as this.
The Department of Conservation comes under Art. IV, § 42, Mo. Constitution (1945) which provides that the commission shall fix the qualifications and salaries of the director and all other appointees and employees. There again is nothing in such provisions to prevent § 36.350 from applying to the Department of Conservation.
With regard to the Department of Elementary and Secondary Education, Art. IX, § 2(b), Mo. Constitution (1945), provides that the board of education, upon recommendation of the commissioner of education, shall appoint professional staff and fix their compensation. This provision does not, in our view, prevent § 36.350 from applying to the Department of Elementary and Secondary Education.
With regard to state colleges, there are no specific constitutional provisions relating to any type of professional policies and powers. While Chapter 174, RSMo 1978, provides that the management of each college shall be vested in a board of regents which may appoint and dismiss employees and fix the terms and conditions of employment, we believe the subsequent enactment of § 36.350 to apply to all state agencies was intended to impact on state colleges. While we understand further that repeal by implication is not favored in the law, it is clear to us that the board of regents of the state colleges fall within the terms of § 36.350.
With regard to the University of Missouri, we believe that there can be no question but that under Art. IX, § 9(a), Mo. Constitution (1945), the government of the University of Missouri is vested in a board of curators. This has been interpreted to give control over many phases of the university to the board of curators.
We find no other constitutional or statutory provisions which negate the recent authority under § 36.350 as it applies to all other state agencies not specifically discussed above which are non-merit agencies.
With regard to Part b. of your request, and particularly § 36.390.7, we find nothing which would make this section inapplicable to all state agencies except the University of Missouri. It is obvious that the legislature intended to vest certain rights in non-merit employees of all agencies of this state. Section36.390.5, RSMo Supp. 1979, reads as follows:
 Any regular employee who is dismissed or involuntarily demoted for cause or suspended for more than five working days may appeal in writing to the board within thirty days after the effective date thereof, setting forth in substance his reasons for claiming that the dismissal, suspension or demotion was for political, religious, or racial reasons, or not for the good of the service. Upon such appeal, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard and to present evidence at a hearing which, at the request of the appealing employee, shall be public. At the hearing of such appeals, technical rules of evidence shall not apply. After the hearing and consideration of the evidence for and against a suspension or demotion, the board shall approve or disapprove such action and in the event of a disapproval the board shall order the reinstatement of the employee to his former position and the payment to the employee of such salary as he has lost by reason of such suspension or demotion. After the hearing and consideration of the evidence for and against a dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders:
 (1) Order the reinstatement of the employee to his former position and the payment to the employee of part or all of such salary as has been lost by reason of such dismissal;
 (2) Sustain the dismissal of such employee, unless the board finds that the dismissal was based upon political, social, or religious reason, in which case it shall order the reinstatement of the employee to his former position and the payment to the employee of such salary as has been lost by reason of such dismissal;
 (3) Except as provided above the board may sustain the dismissal, but may order the director to recognize reemployment rights for the dismissed employee under section 36.240, in an appropriate class or classes, or may take steps to effect the transfer of such employee to an appropriate position in the same or another division of service.
When you consider the additions of § 36.390.7 and .8 and the language in § 36.390.9, clearly the legislature has vested certain non-merit employees with a right of appeal in the event that they are terminated. That right is defined either in terms of a procedure before the Personnel Advisory Board or, at the option of the employing agency, a procedure similar to those provided for merit employees. The provisions of § 36.390.8 authorize the exclusion of employees in policymaking positions and members of military or law enforcement agencies and employees of academic institutions. Just as the legislature has provided in Chapter 105, RSMo 1978, for a meet and confer law with regard to certain public employees, it does not seem inconsistent with the above-mentioned constitutional provisions that the legislature has provided certain employees with a procedure in the event that they are dismissed. This has nothing to do with their hiring per se. The qualifications and terms of employment may well remain the same. All the legislature has done is to provide for a procedure to make sure that the employer is treating the employee fairly within the terms of his employment. In addition, there is a provision for judicial review under § 36.390.9 in the event that the employee disagrees with the final administrative determination concerning his dismissal. We find nothing repugnant in these provisions to the constitutional authority already vested in the state agencies. Therefore, these procedures, for example, need not apply to the State Highway Patrol, per se. They are not applicable to the University of Missouri and need not apply to state colleges. We do not believe that the Department of Elementary and Secondary Education, however, is an academic institution in terms of § 36.390; therefore, it would appear applicable to employees of such department, except that § 36.390.8 provides that the procedures adopted under such subsection need not apply to employees in policymaking positions.
You ask further whether formal action by an agency either adopting the procedures of the Personnel Advisory Board with regard to dismissals or adopting similar procedures can be withdrawn at anytime. There appears to be no prohibition as to which course the agencies may choose. Equally, there is no prohibition against changing position as to the procedure to be followed. We do not believe that such procedures must be a rule under Chapter 536, RSMo 1978. We caution, however, that such revocation would not necessarily affect the rights of persons employed during the time such revoked provisions were in effect.
With respect to Part c. of your inquiry, for the reasons above stated, we believe that § 36.510, which provides that the Director of the Division of Personnel shall perform certain functions, is not repugnant to the constitutional authority of the state agencies with the exception of the University of Missouri. We conclude that § 36.510 applies to all agencies except the University of Missouri.
In order to fully attempt to define the scope of the above changes in Chapter 36, we feel it is necessary to comment on whether there was any legislative intent to bring the legislative or judicial branches or the elective offices of the executive branch within the scope of Chapter 36. We note that § 536.010, RSMo 1978, defines state agency to exclude the General Assembly, the courts, and the Governor. While such definition has not been made applicable to the provisions in question, we are of the view that when the legislature spoke of "non-merit agencies of the state," the legislature did not intend to include the legislative or judicial branches or the elective offices of the executive branch of this state. We acknowledge that the legislation did not define "agencies." However, we think the better view is to exclude such branches of government as well as elective offices of the executive branch.
It is further our view that none of the provisions in question here apply to agencies which have a bi-state character.
CONCLUSION
It is the opinion of this office that:
1. Regulations of the Personnel Advisory Board promulgated under § 36.350, RSMo Supp. 1979, apply to all state agencies, merit and non-merit, except the University of Missouri.
2. Dismissal procedures under § 36.390.5, RSMo Supp. 1979, apply to non-merit agencies under § 36.390.7, RSMo Supp. 1979, unless they adopt similar procedures under § 36.390.8, RSMo Supp. 1979, except that such procedures need not apply to employees in policymaking positions, members of the military or law enforcement agencies or employees of academic institutions under § 36.390.8.
3. Agencies subject to § 36.390.7 and not excepted therefrom are not prohibited from changing from one procedure to another in the processing of dismissals. Any procedure so established by a non-merit agency does not need to be formulated as a rule under Chapter 536, RSMo 1978, unless otherwise required by a statute which is peculiar to that agency.
4. Section 36.510, RSMo Supp. 1979, is applicable to all state agencies except the University of Missouri.
5. Sections 36.350, 36.390, and 36.510 are not applicable to the legislative or judicial branches or to elective officials of the executive branch or to agencies having a bi-state character.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General